# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| Tek-Wall, Inc., | ) | Case No. 10-82196 |
| Debtor, | ) | |
| Luis Ceron, | ) | |
| Plaintiff, | ) | Adv. Proc. No. 11-9023 |
| vs. | ) | |
| Mark McKenna, et.al., | ) | |
| Defendant. | ) | |

## ORDER AND OPINION GRANTING MOTION TO REMAND

THIS MATTER came on for hearing before the undersigned bankruptcy judge upon the Plaintiff's Motion to Remand. Appearing at the hearing was Robert T. Perry, attorney for the Plaintiff and William J. Wolf, attorney for Defendant Mark McKenna. After consideration of the Plaintiff's motion, the arguments of counsel, and other matters of record, the court finds as follows:

## BACKGROUND

Tek-Wall, Inc., the Debtor, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on December 2, 2010. On the Petition Date, a State Court Action asserting state law claims including those for breach of contract, unfair and deceptive trade practices, and unjust enrichment was pending in the Durham County, North Carolina Superior Court in which Tek-Wall was named as a defendant. On January 26,

2011, Mark McKenna, also a defendant in the State Court Action filed a notice of removal with this court. The notice of removal indicated that the State Court Action involved core proceedings as to the claims against Tek-Wall and non-core proceedings as to the remaining claims. On April 4, 2011, the Plaintiff and Tek-Wall filed a stipulation of dismissal with prejudice as to all claims asserted against Tek-Wall. Subsequently, the Plaintiff filed the motion for remand presently before the court asserting that this court no longer has subject matter jurisdiction as provided for by 28 U.S.C. § 1334 because the proceeding is no longer arising under Title 11, or arising in or related to a case under Title 11. Defendant Mark McKenna objects and contends that this adversary proceeding still affects the proper administration of the underlying bankruptcy case, which remains pending, because he is a creditor with an unliquidated claim for indemnity against Tek-Wall for any amount awarded to the Plaintiff.

## ANALYSIS

The court has discretion to remand this adversary proceeding pursuant to 28 U.S.C. § 1452(b) which provides as follows:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

The court may consider multiple factors when determining whether to exercise equitable remand including: (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate;

(5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial. *Blanton v. IMN Financial Corp.*, 260 B.R. 257, 265 (M.D.N.C. 2001).

As the Debtor, Tek-Wall, has been dismissed, this adversary proceeding now involves only non-debtor parties. In addition, having considered that the case presents only issues of state law and all parties are residents of North Carolina, that the case has little relatedness to the bankruptcy case, that remand will have little effect on the administration of the bankruptcy estate, and that involuntarily removed parties might possibly be prejudiced, the court concludes that the plaintiff's motion should be granted.

IT IS SO ORDERED.

# SERVICE LIST

Robert T. Perry
Attorney for Plaintiff

William J. Wolf
Attorney for Defendant McKenna

John A. Northen
P. O. Box 2208
Chapel Hill, NC 27514-2208
Trustee

Michael D. West
Bankruptcy Administrator